UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINSVILLE DIVISION

THOMAS SPINNIE,

    Plaintiff,

      v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

THOMAS SPINNIE (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Gainesville, Alachua County, Florida, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a national company with offices in Dallas, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Since August 2009, Defendant has placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Plaintiff was working with Defendant and making payments on his account.

12. Despite Plaintiff's payments, Defendant continued to call Plaintiff and his relatives, including Plaintiff's wife's grandmother.

13. Plaintiff repeatedly requested that Defendant stop placing calls to his relatives. However, Defendant continued to call Plaintiff and his family members.

14. On May 23, 2011, Plaintiff sent Defendant a cease and desist letter asking Defendant to

cease and desist all communications to him, his family and friends (see Exhibit A).

15. Despite Plaintiff's letter, Defendant called Plaintiff's grandmother On July 25, 2011 in an attempt to reach Plaintiff regarding the alleged debt.

16. In addition to calling Plaintiff grandmother, Defendant also called Plaintiff directly and left a message that failed to state that the call was from a debt collector (see Exhibit B).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(c)* by continuing to communicate with Plaintiff after Defendant was notified in writing that Plaintiff wished Defendant to cease further communication.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692d(6)* of the FDCPA by failing to provide meaningful disclosure of the caller's identity.

   e. Defendant violated *§1692e(11)* of the FDCPA by failing to state that the call is from a debt collector.

WHEREFORE, Plaintiff, THOMAS SPINNIE, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: ___/s/Shireen Hormozdi___
    Shireen Hormozdi
    Krohn & Moss, Ltd
    10474 Santa Monica Blvd. Suite 401
    Los Angeles, CA 90025
    Tel: (323) 988-2400 x 267
    Fax: (866) 861-1390
    Email: shormozdi@consumerlawcenter.com
    Florida Bar No. 0882461

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, THOMAS SPINNIE, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

Plaintiff, THOMAS SPINNIE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, THOMAS SPINNIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

8-8-2011
Date

*Thomas Spinnie*
THOMAS SPINNIE

# **EXHIBIT A**

Thomas Spinnie
628 SW 69th St. Apt. D
Gainesville, FL 32607

Monday, May 23, 2011

Commercial Recovery Systems
8035 E.R.L. Thornton Ste.220
Dallas, TX 75228

Re: Account Number 2699224

Dear Debt Collector:

      Due to your monthly calls claiming that you have not received my monthly payment/my account is in default (before my payment is even due), and pursuant to my rights under federal debt collection laws, I am requesting that you cease and desist telephone communication with me, as well as my family and friends, in relation to this and all other alleged debts you claim I owe. All further communications will be by mail. I also, am requesting a monthly statement/bill; as I have requested multiple times previously.

      You are hereby notified that if you do not comply with these requests, I will immediately file a complaint with the Federal Trade Commission and the Florida Attorney General's office. Civil and criminal claims will be pursued.

Sincerely,


Thomas Spinnie



# **EXHIBIT B**

## Thomas Spinnie v. Commercial Recovery Systems, Inc.

Hi this Donna Vargas I am trying to get a message for Eileen Oster or Thomas Spinnie.  I was calling you in reference to the monthly arrangement they have ____ Honda Motor. I was calling to see if you placed your payment in the mail which is due in the office this week.  I can be reached at 1-888-671-5378.